## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Miami Division

WALL STREET MORTGAGE BANKERS LTD.,
d/b/a Power Express, A New York corp.,

**08 - 21648**

    Plaintiffs,

**CIV-MORENO** TORRES

vs.

ATTORNEYS' TITLE INSURANCE FUND, INC.
A Florida Corp and NATIONAL TITLE SERVICES,
INC., A Florida Corp,

    Defendants.

_____/

FILED BY _____ D.C.

JUN 1 0 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### COMPLAINT

    Plaintiffs, Wall Street Mortgage Bankers, Ltd. (hereinafter "WSMB") sues Defendants, Attorney's Title Insurance Fund, Inc. ("The Fund") and National Title Services, Inc. ("NTSI"), alleging as follows:

### Jurisdiction and Venue

    1.    This is an action for damages exceeding $75,000.00, exclusive of interest and costs.

    2.    Plaintiff WSMB is a New York corporation organized and existing under the laws of the state of New York with its principal place of business in Lake Success, New York.  WSMB is a citizen of New York.

    3.    The Fund is a Florida corporation with its principal place of business being in Orange County, Florida.  The Fund is a citizen of Florida.

4.     NTSI is a Florida corporation organized and existing under the laws of the state of Florida with its principal place of business in Miami-Dade County, Florida.  NTSI is a citizen of the state of Florida.

5.     Venue is proper in this district, under 28 U.S.C. §1391(a)(1) and (2) and/or 28 U.S.C. §1391(c), in that: (a) NTSI resided in the Southern District of Florida and both Defendants reside in Florida; and/or (b) a substantial part of the events or omissions giving rise to the claims alleged herein occurred in the Southern District of Florida or a substantial part of the property that is the subject of this action is situated in the Southern District of Florida.

6.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states, *i.e.*, Plaintiff is a citizen of New York and  Defendants are citizens of Florida.

7.     All conditions precedent to filing this cause of action have either occurred or have been waived.

### General Allegations Of Fact Common To All Counts

8.     WSMB is a mortgage lender.

9.     Adriana Diaz ("Diaz") was a borrower.  Specifically, she wished to borrow $1,840,000 to purchase property located at 1331 Brickell Bay Drive, Unit 3605, Miami, Florida 33131 (the "Property") from its owner Codan, LLC.  WSMB agreed to provide funding in the form of a first loan of $1,725,000 and a second loan of $115,000 in exchange for promissory notes and a first and second mortgage on the Property.

10.    The title agent chosen to handle the closing was NTSI.

11.     On January 17, 2007, The Fund issued a closing protection letter to WSMB whereby The Fund agreed to reimburse WSMB for any actual loss incurred by WSMB in NTSI's mishandling of the closing.

12.     Additionally, The Fund issued a Title Insurance Commitment Form agreeing to issue title insurance to WSMB in the event that, *inter alia,* title was not properly vested after the closing.

13.     In reliance on the closing protections letter and commitment form, on or about February 28, 2007, WSMB caused money to be transferred to NTSI specifically earmarked to fund the real estate transaction.

14.     Specifically, in exchange for the $1,840,000, WSMB received (a) a promissory note in the Amount of $1,725,000 executed by Diaz (the "$1,725,000 Promissory Note"), (b) a first mortgage in the same amount on the Property (the "First Mortgage"), (c) a promissory note in the amount of $115,000 executed by Diaz (the "$115,000 Promissory Note ") and (d) a second mortgage in the same amount on the property (the "Second Mortgage").

15.     Thereafter, WSMB sold the $1,725,000 Promissory Note and assigned the First Mortgage to Thornburg Mortgage Home Loans, Inc ("THML").

16.     The Fund, through its agent NTSI, issued a title insurance policy insuring that title passed to Diaz.

17.     NTSI was the title agent in charge of assuring that all documents properly passed from seller to buyer, including but not limited to, a deed and a fully executed HUD-1 settlement statement.

18.    To date NTSI has failed to properly record a deed showing that title passed from Codan LLC to Diaz. According to Miami-Dade County public records, Codan, LLC is still the record owner of the property.

19.    Additionally, NTSI has not provided WSMB a properly executed HUD-1 for either transaction.

20.    As a result of the defect in title, THML has demanded that WSMB repurchase the $1,725,000 Promissory Note.

## C OUNT I
## BREACH OF FIDUCIARY DUTY- NTSI

21.    Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 20, as if fully set forth herein.

22.    WSMB maintained a fiduciary relationship with NTSI whereby NTSI, as title agent, was not to disburse the closing funds held in escrow unless it received a deed passing title to Diaz and obtained an executed HUD-1 at the closing table.

23.    By disbursing the money and not properly obtaining a deed or HUD-1 Settlement Statement, NTSI breached its duties to Plaintiff.

24.    As a result of NTSI's breach, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against NTSI for damages over seventy five thousand dollars, granting reasonable attorneys' fees, pre judgment interest, post judgment interest  and costs incurred, and granting such further relief as this Court deems just and proper.

## COUNT II
## NEGLIGENCE AGAINST NTSI

25.     Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 20, as if fully set forth herein.

26.     WSMB maintained a relationship with NTSI whereby NTSI, as title agent, was not to disburse the closing funds unless it received a deed passing title to Diaz and obtained an executed HUD-1 at the closing table.

27.     By disbursing the money and not properly obtaining a deed or HUD-1 Settlement Statement, NTSI breached its duties to Plaintiff.

28.     As a result of NTSI's breach, Plaintiff has suffered damages.

.       WHEREFORE, Plaintiff demands judgment against NTSI for damages over seventy five thousand dollars, granting reasonable attorneys' fees, pre judgment interest, post judgment interest  and costs incurred, and granting such further relief as this Court deems just and proper.

## COUNT III
## CONVERSION AGAINST NTSI

29.     Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 20, as if fully set forth herein.

30.     NTSI has committed an act of wrongful dominion over, and exercised wrongful control and retention of funds belonging to WSMB by failing to disburse the closing funds pursuant to the closing instructions.

31.     As a proximate result of NTSI's conversion of the funds, Plaintiff has been damaged.

WHEREFORE, Plaintiff demand judgment against NTSI for damages over seventy five thousand dollars, granting reasonable attorneys' fees, pre judgment interest, post judgment interest and costs incurred, and granting such further relief as this Court deems just and proper.

## COUNT IV
## BREACH OF CONTRACT AGAINST THE FUND

32.   Plaintiff realleges and reavers the allegations contained in paragraphs 1 through 20, as if fully set forth herein.

33.   The Fund contracted with Plaintiff to insure title to the Property and to reimburse Plaintiff for loss arising from the acts of NTSI set forth herein.

34.   The Fund breached the contract by and between the parties by failing to reimburse Plaintiff as required by the agreements and to indemnify WSMB for the demand made by THML to repurchase the $1,725,000 Promissory Note.

35.   As a direct and proximate result of The Fund's breach, Plaintiff has suffered damages. in the form of a judgment entered against him.

WHEREFORE, Plaintiff demands judgment against the Fund for damages over seventy five thousand dollars, granting reasonable attorneys' fees, pre judgment interest, post judgment interest and costs incurred, and granting such further relief as this Court deems just and proper.

## COUNT V
## DECLARATORY RELIEF -THE FUND

36.   Plaintiffs' realleges and reavers the allegations contained in paragraphs 1 through 20, as if fully set forth herein.

37.   This is an action for declaratory judgment for damages over which this Court has jurisdiction.

38.   The Fund claims that Plaintiff are not entitled to be reimbursed for its loss and or to indemnify WSBM for the repurchase ofhte $1,725,000 Promissory Note; under the Title Policy or Closing Protection Letter.

39.   Plaintiff maintains that it is entitled to coverage, including reimbursement for all amounts lost, all repurchase demands, interest and attorneys' fees.

40.   Plaintiff is in doubt as to its rights under the Policy and Closing Protection Letter.

WHEREFORE, Plaintiff respectfully request that this Court declare that they are entitled to benefits pursuant to the terms of the Policy and the Closing Protection Letter for all amounts lost  together with pre-judgment interest, post judgment interest, costs, reasonable attorneys' fees and such other and further relief that this Court deems just and proper.

Dated on this 10  day of June, 2008.

By: _____

Gary S. Phillips, Esq.
Florida Bar No. 339814
Jeffrey B. Shalek, Esq.
Florida Bar No. 996221
jshalek@phillipslawyers.com

PHILLIPS, CANTOR & BERLOWITZ, P.A.
Counsel for Plaintiffs
Presidential Circle, Suite 375-South
4000 Hollywood Boulevard
Hollywood, Florida 33021
Telephone: 954-966-1820
Facsimile : 954-414-9309

JS 44 (Rev. 2/08)

**CIVIL COVER SHEET** 08-21648

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

Wall Street Mortgage Bankers Ltd., d/b/a Power Express

**DEFENDANTS**

Attorneys' Title Insurance ~~CIV-MORENO~~ TORRES

**(b)** County of Residence of First Listed Plaintiff   New York
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Orange County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Jeffrey B. Shalek, Esquire, Phillips, Cantor & Berlowitz, P.A.
4000 Hollywood Boulevard, Suite 375S, Hollywood, FL  33021
Tel. 954-966-1820; Fax: 954-414-9309

Attorneys (If Known)

1:08CV 21648 FAM/EGT

**(d)** Check County Where Action Arose:  ☑ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

FILED BY   D.C.

JUN 10 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. — MIAMI

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed (see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):

a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO

JUDGE                                          DOCKET NUMBER

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

U.S.C. Section 1391(a)(1) and (c)

LENGTH OF TRIAL via   4   days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $   $1,240.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE   June 9, 2008

FOR OFFICE USE ONLY

AMOUNT   350   RECEIPT #   1343381   IFP

JS 44 Reverse (Rev. 02/08)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

(d) Choose one County where Action Arose.

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States District Courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Related/Refiled Cases.** This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VIII.     Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature.** Date and sign the civil cover sheet.